UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>
NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

AND

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH AND HOSPITAL FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

                        Plaintiffs,            **COMPLAINT**

    -vs-                                        Case No.: 5:19-CV-0169 (BKS/DEP)

INTERNATIONAL CHIMNEY CORPORATION,

                        Defendant.

The Plaintiffs, New York State Teamsters Conference Pension & Retirement Fund and its Board of Trustees (hereinafter referred to as the "Pension Fund"), and New York State Teamsters Council Health & Hospital Fund (hereinafter referred to as the "Health Fund") by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

## JURISDICTION AND VENUE

1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 <u>et</u> <u>seq</u>., and the Labor

1

Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §141 et seq., as hereinafter more fully appears.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132 (a)(3)and,(e)(1) and 29 U.S.C. §185.

3. Venue properly lies in the United States District Court for the Northern District of New York (hereinafter referred to as the "Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund and Health Fund are located and administered within said Northern District.

4. Venue also lies in the United States District Court for the Northern District of New York pursuant to the terms of the participation agreements and venue rules of the Pension Fund and Health Fund.

**PARTIES**

5. The Pension Fund and Health Fund are separate and distinct employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters (hereinafter referred to as the "Teamsters") and are multi-employer plans (hereinafter referred to as the "Plan" or "Plans") as defined in 29 U.S.C. §1002(37)(A).

6. The Pension Fund and Health Fund both have their respective offices at, and are administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are the individual trustees of both the

Pension Fund and Health Fund and are each Funds' "fiduciaries" as defined in 29 U.S.C. §1002(21).

8. As a condition precedent to participating in the Pension Fund and Health Fund Plans, employers must execute both a collective bargaining agreement with the Teamsters and a participation agreement with each of the Funds which require the employer to make benefit contributions on behalf of all eligible and appropriate employees. The participation agreements also set forth the terms and conditions by which the employer must contribute to the respective Funds.

9. Upon information and belief, and at all times herein mentioned, International Chimney Corporation, (hereinafter referred to as "ICC"), is a domestic corporation with offices at 55 South Long Street, Buffalo, New York 14221 and is an "employer" as defined in 29 U.S.C. §1002(5).

10. Upon information and belief, and at all times herein mentioned, ICC was a participating employer in the Pension Fund Plan and Health Fund Plan, signatory to said Funds' respective participation agreements, and signatory to corresponding collective bargaining agreement(s) with Teamsters Local 264 ("Agreements").

11. As a participating employer, ICC is also bound by the terms of the Trust Agreement, Agreements and Plan documents as well as the rules and regulations adopted by the Trustees.

## FIRST COUNT

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11" inclusive above.

13. Pursuant to the provisions of the participation agreements, collective bargaining

agreements and Plans, ICC agreed to make certain benefit contributions to the Plaintiffs on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, ICC is required to contribute to the Plaintiffs in accordance with the terms, rules and regulations of the Plan and/or agreements to which ICC was a party.

14. Pursuant to the Pension Fund's and Health Fund's respective participation agreements, Plans, and Plan documents, ICC further agreed that the Plaintiffs could audit its books and records in order to determine if contributions were properly made on behalf of all of its covered employees. In the event the audit disclosed that ICC did not fully comply with the terms of the Plaintiffs' participation agreements and Plan documents, and that contributions were not properly made, ICC would be liable for all contribution delinquencies, liquidated damages, and audit fees, along with interest, costs and reasonable attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(2).

15. On or about December 15, 2016, the Plaintiffs conducted an audit of ICC's books and records wherein it was determined that ICC owes the Pension Fund delinquent employee benefit contributions and liquidated damages in the amount of $9,466.48 for the period January, 2009 through September, 2016 (hereinafter referred to as the "Pension Fund Audit Liability").

16. On numerous occasions, the Pension Fund notified ICC of the Pension Fund Audit Liability and made demands for payment of same.

17. However, despite repeated demand, ICC has failed, refused and/or neglected to remit payment to the Pension Fund.

18. ICC's failure and refusal to satisfy the Pension Fund Audit Liability is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents and/or agreements

that require payment of contributions, liquidated damages and audit fees due the Pension Fund.

19. Accordingly, ICC is liable to the Pension Fund in the amount of $9,466.48 for delinquent employee benefit contributions and liquidated damages due as of January 31, 2019, the audit fees having been waived by the Pension Fund, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the terms of the Plan, Plan documents and/or agreements to which ICC was a party.

## SECOND COUNT

20. The Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "19" inclusive above.

21. In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid contributions and liquidated damages, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

22. Since the instant action was commenced by the Plaintiffs pursuant to ERISA, in the event judgment is awarded in favor of the Pension Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund requests the unpaid delinquent contributions and liquidated damages in the amount of $9,466.48 due as of January 31, 2019, along with interest at a Fund determined rate, an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan, reasonable attorneys' fees and costs.

## THIRD COUNT

23. The Plaintiffs repeat, reallage and incorporate herein all of the allegations contained in paragraphs "1" through "22" inclusive above.

24. On or about December 15, 2016, at and during the same audit of ICC's books and records mentioned above, it was determined that ICC owes the Health Fund $185,176.51 under the Health Fund's "Wash Rule".

25. More specifically, the audit revealed ICC had remitted improper contributions on behalf of an individual who was not eligible to receive active employee Fund benefits. Further examination of Health Fund records showed the Health Fund had improperly paid employee Health Fund benefits to or for this same ineligible individual during said individual's period of ineligibility.

26. In accordance with the Health Fund's 'Policies and Procedures For Contributing Employers' which set forth the rules and regulations to which ICC is bound, Rule 5.D. "Wash Rule" states:

> D. Wash Rule. If the employer remits improper contributions to the Fund regardless of whether the employer requests a refund, the employer shall be responsible for the difference between the improper contributions remitted and the benefits paid on behalf of the individual. For instance, if the employer remitted $3,000 in improper contributions on behalf of the individual and the Fund paid $5,000 in benefits, the employer is liable for the difference of $2,000 plus interest, costs, auditor fees, and attorney fees.

27. Upon information and belief, it was determined that ICC remitted contributions to the Health Fund in the amount of $48,571.76 on behalf of an individual who was not an eligible or appropriate employee of ICC due to disability, and that during the individual's period of ineligibility, the Health Fund unknowingly paid medical, dental and prescription benefits for said

ineligible individual in the amount of $233,748.27 The difference between the improper contributions remitted to the Health Fund by ICC ($48,571.76) and the benefits paid by the Health Fund on behalf of the unentitled individual ($233,748.27) is $185,176.51 (hereinafter referred to as the "Wash Rule Liability").

28. On numerous occasions, the Health Fund notified ICC of its Wash Rule Liability and made demand for payment of the overpayments. However, ICC has failed, refused and/or neglected to remit any payment to the Health Fund.

29. ICC's failure and refusal to satisfy the Wash Rule Liability is in violation of ERISA, 29 U.S.C. §§1132(a)(1) and 1145, as well as the terms of the Plan, Plan documents and/or agreements that require the repayment of these monies due the Health Fund. Accordingly, ICC is liable to the Health Fund in the amount of $185,176.51 for the subject "Wash Rule Liability" along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(a)(1) and/or (2), the rules of the Plan, Plan documents and/or agreements to which ICC was a party.

## FOURTH COUNT

30. The Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "29" inclusive above.

31. In regard to the aforesaid Wash Rule Liability, federal law mandates that the Health Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Health Fund shall be awarded, in addition to the Wash Rule Liability (overpaid health benefits), interest on the overpaid benefits, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

32. Since the instant action was commenced by the Plaintiffs pursuant to ERISA, in the

event judgment is awarded in favor of the Health Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Health Fund requests the unpaid Wash Rule Liability monies in the amount of $185,176.51; interest at a Fund determined rate; an additional award of the greater of interest or liquidated damages as established by federal statute, the participation agreement(s) to which ICC was a party, Plan documents, and/or the rules and regulations adopted by the Health Fund; plus reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against ICC as follows:

FOR THE PENSION FUND

A.  The sum of $9,466.48 due the Pension Fund for delinquent employee benefit contributions and liquidated damages as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C.  Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D.  An additional award of the greater of interest or liquidated damages on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(C).

E.  Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

FOR THE HEALTH FUND

G.  The sum of $185,176.51 due the Health Fund for the overpayment of health benefits to or for an ineligible recipient under ERISA, 29 U.S.C. §1132(a)(1) and/or (2), the terms of the

Plan, Plan documents and/or agreements to which ICC was a party and/or the rules and regulations adopted by the Health Fund Trustees as apply to the time in question.

H. Interest on the overpayment of benefits in accordance with 29 U.S.C. §1132 (g)(2)(B), the terms of the Plan, Plan documents and/or agreements to which ICC was a party and/or the rules and regulations adopted by the Health Fund Trustees as apply to the time in question.

I. An additional award of the greater interest or liquidated damages on the overpayment in accordance with 29 U.S.C. §1132(g)(2)(C), the terms of the Plan, Plan documents and/or agreements to which ICC was a party and/or the rules and regulations adopted by the Health Fund Trustees as apply to the time in question.

J. Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D), the terms of the Plan, Plan documents and/or agreements to which ICC was a party and/or the rules and regulations adopted by the Health Fund Trustees as apply to the time in question.

K.  Such other and further relief as to this Court may seem just and proper.

Dated: February 8, 2019  
Utica, New York

**PARAVATI, KARL, GREEN & DEBELLA, LLP**

By: /s/ Vincent M. DeBella  
Vincent M. DeBella, Esq. (101465)  
Gerald J. Green, Esq. (101850)  
Attorneys for Plaintiffs  
**OFFICE & P.O. ADDRESS**  
520 Seneca Street, Suite 105  
Utica, New York 13502  
Tel: (315) 735-6481  
Fax: (315) 735-6406  
E-mail: vdebella@pkgdlaw.com  
E-mail: gjgreen15@yahoo.com