**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond,
Mark May, and Paul Markwitz,

5:19-cv-00169 (NAM/ML)

AND

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH & HOSPITAL FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond,
Mark May, and Paul Markwitz

Plaintiffs,

v.

INTERNATIONAL CHIMNEY CORPORATION,

Defendant.

---

**Appearances:**

*For Plaintiffs:*
Vincent M. DeBella, Esq.
Gerald J. Green, Esq.
Paravati, Karl, Green & Debella, LLP
520 Seneca Street, Suite 105
Utica, New York 13502

**Hon. Norman A. Mordue, Senior United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  BACKGROUND**

On February 8, 2019, Plaintiffs, New York State Teamsters Conference Pension & Retirement Fund, ("Pension Fund"), and New York State Teamsters Council Health & Hospital Fund ("Health Fund"), by their Trustees, John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo,

1

Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May, and Paul Markwitz, filed this action alleging that Defendant International Chimney Corporation, violated the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. (Dkt. No. 1). Plaintiffs served Defendant on February 26, 2019. (Dkt. No. 4).

According to the complaint, the Pension Fund and Health Fund are employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters ("Teamsters"). (Dkt. No. 1, ¶ 5). To participate in the Plans, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with each of the Funds which require the employer to make benefit contributions on behalf of all eligible and appropriate employees. (*Id.*, ¶ 8). During all relevant time periods, Defendant was a participating employer in the Pension Fund Plan and Health Fund Plan, signatory to these Funds' respective participation agreements, and signatory to corresponding collective bargaining agreement(s) with Teamsters Local 264. (*Id.*, ¶ 10).

Pursuant to the provisions of the participation agreements, collective bargaining agreements, and Plans, Defendant agreed to make certain benefit contributions to the Plaintiffs on behalf of all of its covered employees. (*Id.*, ¶ 13). Defendant also agreed that the Plaintiffs could audit its books and records in order to determine if contributions were properly made on behalf of all of its covered employees. (*Id.*, ¶ 14). In the event the audit disclosed that Defendant did not fully comply with the terms of the Plaintiffs' participation agreements and Plan documents, and that contributions were not properly made, Defendant would be liable for

2

all contribution delinquencies, liquidated damages, and audit fees, along with interest, costs and reasonable attorneys' fees. (*Id.*).

Plaintiffs allege that on or about December 15, 2016, they conducted an audit of Defendant's books and records, wherein it was determined that Defendant owes the Pension Fund delinquent employee benefit contributions and liquidated damages in the amount of $9,466.48 for the period from January 2009 through September 2016 (the "Pension Fund Liability"). (*Id.*, ¶ 15). Plaintiffs notified Defendant of this liability, made demands for payment, but Defendant failed to remit payment to the Pension Fund. (*Id.*, ¶¶ 16–17).

Further, Plaintiffs allege that during the same audit of Defendant's books and records, it was determined that Defendant owes the Health Fund $185,176.51 under the Health Fund's "Wash Rule," which states that "[i]f the employer remits improper contributions to the Fund regardless of whether the employer requests a refund, the employer shall be responsible for the difference between the improper contributions remitted and the benefits paid on behalf of the individual." (*Id.*, ¶¶ 24–26). According to Plaintiff, the audit revealed that Defendant had remitted contributions to the Health Fund in the amount of $48,571.76 on behalf of an individual who was not an eligible or appropriate employee of Defendant due to disability, and that during the individual's period of ineligibility, the Health Fund unknowingly paid medical, dental and prescription benefits for this ineligible individual in the amount of $233,748.27. (*Id.*, ¶ 27). Applying the Wash Rule, the difference between the improper contributions remitted to the Health Fund and the benefits paid by the Fund on behalf of the ineligible employee is $185,176.51 (the "Wash Rule Liability"). (*Id.*). Plaintiffs notified Defendant of this liability, made demands for payment, but Defendant failed to remit payment to the Health Fund. (*Id.*, ¶ 28).

3

Plaintiffs seek judgment against Defendant for the Pension Fund Liability and the Wash Rule Liability, along with statutory damages, interest, and reasonable attorneys' fees. (*Id.*, p. 8). To date, Defendant has not filed an answer or otherwise appeared in this action. On April 4, 2019, Plaintiffs obtained a Clerk's Entry of Default. (Dkt. No. 7). On June 14, 2019, Plaintiffs filed and served a motion requesting that the Court enter default judgment against Defendant. (Dkt. No. 16). Defendant did not respond.

## II. DISCUSSION

### A. Default Judgment Standard

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

Second, under Rule 55(b), the plaintiff in this type of case must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made."). The Court may

4

conduct hearings to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

**B.     Application**

**1.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in Plaintiffs' complaint and supporting documents are therefore presumed accurate. But before entering default judgment, the Court must review the allegations to determine whether Plaintiff has stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

According to the ERISA statute, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145. Based on the allegations in the complaint and supporting documents, the Court finds that Defendant is liable for its failure to satisfy the Pension Fund Liability, which is a violation of 29 U.S.C. §1145, "as well as the terms of the Plan, Plan documents and/or agreements that require payment of contributions." (Dkt. No. 1, ¶ 18). Further, the Court finds that Defendant is liable for its failure to satisfy the Wash Rule Liability, which is a violation of 29 U.S.C. §§1132(a)(1) and 1145, "as well as the terms of the Plan, Plan documents and/or agreements that require the repayment of these monies due the Health Fund." (*Id.*, ¶ 29).

5

### 2. Damages & Attorneys' Fees

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages.").

As to damages, the ERISA statute provides that in any action on behalf of a Plan to enforce Section 1145 in which a judgment in favor of the Plan is awarded, the Court shall award:

   a) the unpaid contributions;
   b) interest on the unpaid contributions;
   c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the unpaid contributions;
   d) reasonable attorney's fees and costs of the action; and
   e) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Here, Plaintiffs claim that the amount due related to the Pension Fund is $20,978.00, which is the sum of: 1) $8,605.90 in unpaid contributions; 2) $2,359.49 in interest at the Plan rate of eleven percent from December 15, 2016 to June 14, 2019; 3) $2,359.49 in additional interest pursuant to 29 U.S.C. §1132 (g)(2)(C)(i); and 4) $7,653.12 in attorneys' fees and costs. (Dkt. No. 16-5). As to the Health Fund, Plaintiffs claim that the amount due is

6

$243,672.54, which is the sum of: 1) $185,176.51 for the Wash Rule Liability; 2) $50,842.91 in interest at the Plan rate of eleven percent from December 15, 2016 to June 14, 2019; and 3) $7,653.12 for attorneys' fees and costs. (*Id.*). Plaintiffs also seek pre and post judgment interest in an amount to be determined by the Court.

Plaintiffs have submitted a Statement of Amount Due, which is supported by declarations from counsel and documentation including Plan policies and procedures, audit reports, employer reports, invoices, and correspondence. (Dkt. Nos. 16-1, 16-2, 16-3, 16-4, 16-5). These documents provide an adequate evidentiary basis for the Court to determine the amount of damages without a hearing. The Court finds that Plaintiffs have demonstrated their entitlement to damages in the sum of $249,344.30 for the Pension Fund and Wash Rule Liabilities and related interest up to June 14, 2019—the date of their motion.

Plaintiffs are also entitled to pre-judgment interest at the Plan rate of eleven percent for the time period between their motion and the judgment effected by this Order. At a rate of $58.40 per day (accounting for both Funds) for 264 days, this amounts to $15,417.60. Next, Plaintiffs seek post-judgment interest pursuant to 28 U.S.C. § 1961(a), which states that interest shall be allowed on any money judgment in a civil case recovered in a district court and "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Based on their success in this action, the Court finds that Plaintiffs are entitled to post-judgment interest on the recovered sum of $264,761.90, which should be calculated from the date of judgment until the date of payment, at the rate of 1.21 percent.[1]

---

[1] *See* https://www.federalreserve.gov/releases/h15/

7

As to attorneys' fees, Plaintiffs seek for $14,836.25 for 45.65 hours of work at $325 per hour for Attorney Green. (*See* Dkt. No. 16-5). Having reviewed the invoices submitted by counsel, (Dkt. No. 16-3, pp. 49–50), the Court finds that the number of hours is reasonable. With respect to the hourly rate, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191–93 (2d Cir. 2008). The Court notes that Attorney Green has extensive experience and expertise in this area of law. (*See* Dkt. No. 16-1). Counsel has also succeeded in obtaining a judgment for Plaintiffs recovering substantial damages and interest. However, recent cases in this community involving similar ERISA claims suggest that a lower hourly rate would be reasonable. *See UFCW Loc. One Health Care Fund v. JJR II, Inc.*, No. 18-CV-1200, 2019 WL 1115852, at *5, 2019 U.S. Dist. LEXIS 38060, at *12 (N.D.N.Y. Mar. 11, 2019) (approving rate of $240 per hour for experienced attorneys); *Engineers Jt. Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 36 (N.D.N.Y. 2016) (finding that rates from $241–291 per hour were reasonable for experienced attorneys).

Based on these cases, the Court finds that a rate of $250 per hour is reasonable here. Plaintiffs have not submitted evidence distinguishing this case that would warrant a different result. Accordingly, the award of attorneys' fees and costs shall be the sum of $11,882.50, which represents: 1) $11,412.50 (45.65 hours x $250 per hour) for Attorney Green's services; and 2) $470.00 in costs.

### III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for default judgment (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded Judgment against Defendant International Chimney Corporation in the amount of $276,644.40, which represents the total of: 1) $264,761.90 for the Pension Fund & Wash Rule Liabilities and related interest; and 2) $11,882.50 for attorneys' fees and costs.

And it is further

**ORDERED** that Plaintiffs are awarded post-judgment interest from the date of judgment until the date of payment, at the rate of 1.21 percent.

**IT IS SO ORDERED.**

Dated: March 4, 2020
       Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge